JOHNSON *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION, ET AL.

[Cite as Johnson v. Haskins, 20 Ohio St. 2d 156.]

(No. 69-502—Decided December 23, 1969.)

*Mr. Roy H. Johnson, in propria persona.*
*Mr. Paul W. Brown,* attorney general, and *Mr. James S. Rood,* for respondents.

*Per Curiam.* It is petitioner's contention that his sentences have expired and that he is therefore entitled to release.

It is respondents' position that the years between 1959 and 1969 were lost time in relation to his 1954 conviction, and therefore that his sentence under his 1954 conviction does not expire until 1979. According to the respondents, "it is the position of the Adult Parole Authority that any old sentence runs consecutively with any new sentence imposed while on parole from the old sentence regardless of the pronouncement of the court and therefore petitioner's first sentence was held in abeyance during the time he served on his second one."

In the absence of statute, the question as to whether

158

sentences shall run concurrently or consecutively is a matter solely within the discretion of the trial court. *King* v. *Maxwell*, 173 Ohio St. 536; *Stewart* v. *Maxwell*, 174 Ohio St. 180. That discretion extends not only to the imposition of several current sentences but also to those instances which involve the question whether a prior imposed sentence shall run concurrently with or consecutively to a presently imposed sentence. This matter lies solely within the discretion of the trial court and is not subject to any modification by the Adult Parole Authority.

The effect of such a pronouncement, that a prior sentence run concurrently with a present sentence, does not depend upon any action of the Adult Parole Authority in returning the prisoner as a parole violator. The Adult Parole Authority cannot circumvent the expressed intent of a trial judge that a prior sentence shall run concurrently with a newly imposed sentence, by declaring the accused a parole violator and by then not "returning" him to the penitentiary as such on their records to recommence his sentence. The action of the trial judge is sufficient to accomplish that purpose.

In the present action, the trial judge clearly intended that the newly imposed sentence run concurrently with the prior sentence. Thus, both sentences have now expired and petitioner is entitled to release.

*Petitioner released from custody.*

MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.